UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS GRACIE, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-410 DRL-MGG |
| ROYAL ADHESIVES AND SEALANTS, LLC AND H.B. FULLER COMPANY, | |
| Defendants. | |

OPINION AND ORDER

Mr. Marcus Gracie filed this race discrimination and retaliation case against two defendants, one of which then answered and one of which (H.B. Fuller Company) moved separately to dismiss under Fed. R. Civ. P. 12(b)(6). ECF 15. Mr. Gracie has not contested the motion to dismiss, so the court may address it summarily under N.D. Ind. Local Rule 7-1(d)(5).

H.B. Fuller argues that Mr. Gracie has failed to establish an employment relationship with the company and failed to exhaust his administrative remedies before filing his Title VII and other claims; and a review of the well-pleaded allegations, taken even in the light most favorable to Mr. Gracie, confirms both points. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016).

Mr. Gracie's complaint does not allege that he was ever employed by H.B. Fuller or any discriminatory conduct by H.B. Fuller. Indeed, it seems the only substantive allegation against H.B. Fuller is that the company entered into an agreement to purchase Royal Adhesives and Sealants, LLC three months after the alleged discriminatory conduct occurred, and three months after Mr. Gracie's termination. ECF 1 ¶ 7. This allegation alone is insufficient to adumbrate a race discrimination or retaliation claim against H.B. Fuller.

Mr. Gracie also has not exhausted his administrative remedies vis-à-vis H.B. Fuller. Title VII, for instance, requires an aggrieved party to file a charge of discrimination with the Equal Employment

Opportunity Commission before going to court. 42 U.S.C. § 2000e-5(f)(1). The purpose of this requirement is to warn the employer and to give the EEOC "an opportunity to settle disputes through conference, conciliation, and persuasion before the aggrieved party [is] permitted to file a lawsuit." *Taylor v. Western and Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992) (quoting *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 863 (7th Cir. 1985)). Mr. Gracie filed his EEOC charge of race discrimination only against Royal Adhesives.

Accordingly, the court GRANTS H.B. Fuller Company's motion to dismiss (ECF 15) and DISMISSES all claims against it.

SO ORDERED.

August 23, 2019                             *s/ Damon R. Leichty*
                                            Judge, United States District Court